■ H.K.A. REALTY CO., Appellant, v UNITED STEEL AND STRIP CORP., Respondent. — In an action to recover rent, plaintiff appeals from an order of the Supreme Court, Kings County (Slavin, J.), dated November 17, 1981, which granted defendant's motion to vacate a default judgment entered September 15, 1981. Order affirmed, without costs or disbursments. Defendant's time to answer the complaint is extended until 10 days after service upon it of the order to be made hereon, together with notice of entry. This action was brought by plaintiff, a landlord, against defendant, a domestic corporation, for rent. The action was commenced by service of a summons and complaint on July 28, 1981 upon the Secretary of State pursuant to section 306 of the Business

Corporation Law. Since defendant had changed the location of its principal place of business, which had been listed with the Secretary of State as the address to which process should be forwarded, and had failed to properly advise the Secretary of State of its new address, it never received the summons and complaint; a default judgment was thereafter entered. Defendant first obtained knowledge of the judgment on or about September 23, 1981, when it was advised by two banks of a restraint on its assets. Defendant immediately moved to be relieved of the judgment and for leave to file an answer. It was alleged in defendant's papers — and admitted by plaintiff — that plaintiff and its attorneys were aware of defendant's current address. In addition, defendant claimed that plaintiff had successfully served process upon defendant at that address on previous occasions. Special Term did not abuse its discretion in granting defendant's motion. Defendant, it is true, failed to notify the Secretary of State of its change of address. It appears from the record, however, that plaintiff was aware of the change and could have attempted to serve the defendant personally pursuant to CPLR 311. Defendant applied to open the default almost immediately upon receipt of the restraining notice. Under these facts, it was proper to permit vacatur of this unintentional default (see *Lang v French & Co.,* 48 AD2d 641; *Brac Const. Corp. v Di-Com Corp.,* 51 AD2d 740). Finally, defendant has shown by affidavit a prima facie meritorious defense sufficient to entitle it to a trial on the issues (see CPLR 317, 5015, subd [a], par 1). Damiani, J. P., Lazer, Gibbons and Rubin, JJ., concur.