■ LINDA CELIFARCO et al., Appellants, v COMMAND BUS COMPANY, INC., Respondent. — In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from (1) an order of the Supreme Court, Kings County (Scholnick, J.), dated August 2, 1983, which conditionally granted defendant's motion to vacate a default judgment, and (2) a further order of the same court, dated November 3, 1983, which denied their motion for leave to renew.

Orders affirmed, with one bill of costs.

Plaintiffs commenced this action by serving the summons and complaint upon the Secretary of State, pursuant to section 306 of the Business Corporation Law. The process was forwarded by the Secretary of State to defendant's address of record, but was returned by the United States Post Office as undeliverable, the reason being "moved, not forwardable". After defendant's time to answer had expired plaintiffs applied for a default judgment and for an order setting the matter down for an assessment of damages. The application was granted and an order with notice of entry was served upon defendant, by regular mail, at its actual business address. Two days later, defendant's lawyers contacted plaintiffs' lawyers and requested that they vacate the default and accept defendant's answer. Plaintiffs' counsel refused. It was undisputed that the notice of entry was the first actual notice defendant received of the pending lawsuit.

About one month later, the action was placed on the calendar for an assessment of damages. Defendant then moved by order to show cause to vacate the default. Both parties submitted papers on the motion, including an affidavit by the driver of the bus in which plaintiff Linda Celifarco was allegedly injured, which, if believed, would constitute a meritorious defense to the action. The motion was decided in defendant's favor, and the default was ordered vacated on condition that defendant pay plaintiffs the sum of $40 as costs. Plaintiffs' subsequent motion to renew was denied. We affirm.

Pursuant to CPLR 317, the default of a party on whom the summons was not personally served, may be vacated within one year after the party obtains knowledge of the judgment, upon a finding by Special Term that the party "did not personally receive notice of the summons in time to defend and [that the party] has a meritorious defense" (see *Zuppa v Bison Drywall & Insulation Co.*, 93 AD2d 997). Special Term properly vacated the

default; defendant was not personally served, its papers demonstrate a meritorious defense and it promptly moved to vacate its default upon obtaining knowledge thereof. It is irrelevant under CPLR 317 that defendant might have failed to notify the Secretary of State of its change of address (see *H.K.A. Realty Co. v United Steel & Strip Corp.,* 88 AD2d 612; *Brac Constr. Corp. v Di-Com Corp.,* 51 AD2d 740). This is especially true here where plaintiffs had knowledge of defendant's actual business address. Indeed, plaintiffs apparently utilized defendant's address to exchange some correspondence, and mailed the notice of entry of the default to that address. Under the circumstances, plaintiffs could have attempted delivery under CPLR 311 (see *H.K.A. Realty Co. v United Steel & Strip Corp., supra; Brac Constr. Corp. v Di-Com Corp., supra).*

We have reviewed the remaining contentions of plaintiffs and find them to be without merit. O'Connor, J. P., Weinstein, Lawrence and Eiber, JJ., concur.