Fritzie Ariowitsch, Respondent, v James L. Johnson, Jr., Appellant.

Third Department, February 20, 1986

**APPEARANCES OF COUNSEL**

*Morton B. Dicker (Joel A. Siegel* of counsel), for appellant.

*Ralph C. Lewis, Jr.,* for respondent.

**OPINION OF THE COURT**

MAIN, J. P.

Plaintiff commenced this action against defendant in early 1984 by serving a summons and complaint in accordance with CPLR 308 (4). In June 1984, as a result of defendant having failed to answer or otherwise appear in the action, plaintiff obtained a default judgment against defendant. In August 1984, defendant moved pursuant to CPLR 317 to have the default judgment vacated. Special Term, finding that defendant had received "notice of the summons in time to defend" (CPLR 317) as a result of his attorney having communicated information of the commencement of the action to him, denied defendant's motion. Defendant has appealed from Special Term's order.

Thereafter, in April 1985, defendant again moved to vacate the default, this time seeking such relief pursuant to, *inter alia,* CPLR 5015 (a) (4). Concluding that it had already passed upon the issue of personal jurisdiction over defendant in deciding the August 1984 motion, Special Term elected to treat the motion as one to reargue or renew and then denied the motion. Defendant has appealed from that order of Special Term as well.

With regard to the first motion, we conclude that Special Term properly refused to vacate the default judgment on the record then before it. There is sufficient evidence in the record to sustain Special Term's conclusion that defendant had, through his attorney, been notified that this action had been commenced. Having reached this conclusion, we move next to the thornier issues presented with regard to the second vacatur motion made by defendant.

The proof presented by defendant upon his second motion on the issue of personal jurisdiction clearly demonstrates that

the "affix and mail" method of service permitted under CPLR 308 (4) was effectuated at the wrong apartment in defendant's building. Personal jurisdiction having not been acquired, the subsequently granted default judgment was a nullity (see, Community State Bank v Haakonson, 94 AD2d 838). Because the issue of whether a defendant has a meritorious defense is irrelevant to the question of whether a judgment should be vacated for lack of jurisdiction (see, Shaw v Shaw, 97 AD2d 403, 404), defendant, having shown lack of personal jurisdiction, would normally be entitled to a vacatur of the default pursuant to CPLR 5015 (a) (4).

Before we reach such a result, however, we must first consider whether defendant, by initially choosing to move pursuant to CPLR 317 rather than CPLR 5015 and having failed to prevail on that motion, should thereafter be precluded from seeking relief under CPLR 5015. In examining this issue, we note that Special Term, by its decision on the first motion, found only that defendant had received notice that this action had been commenced and not that he had been effectively served with the summons and complaint in the action. Thus, Special Term was not, by virtue of its first decision and the potential operation of the law of the case doctrine, foreclosed from thereafter considering the issue of personal jurisdiction. Having thus concluded, we perceive no reason why defendant should not have been afforded the relief under CPLR 5015 to which he was entitled simply because he first moved unsuccessfully under CPLR 317. Neither statute nor any prior decision of this court (cf. Cristo Bros. v M. Cristo, Inc., 91 AD2d 807, appeal dismissed 59 NY2d 760, lv dismissed 60 NY2d 554) or the Court of Appeals dictates such a result, and, in view of the fact that the two statutory provisions "represent independent and not inconsistent procedures" and since there is "no justification for construing CPLR 317 as limiting CPLR 5015" (5 Weinstein-Korn-Miller, NY Civ Prac ¶ 5015.17), we decline to impose such a restriction under the facts of this case. Accordingly, defendant's motion to vacate the default judgment pursuant to CPLR 5015 (a) (4) should have been granted.

CASEY, MIKOLL, YESAWICH, JR., and HARVEY, JJ., concur.

Order entered October 31, 1984 vacated, without costs.

Order entered July 10, 1985 reversed, on the law and the facts, without costs, motion granted, judgment against defendant dated June 15, 1984 vacated and complaint dismissed.