■ HOWARD A. STEIN, Respondent, v A. MATARASSO & CO., INC., Appellant.—In an action to recover damages for breach of an employment contract, the defendant appeals from (1) an order of the Supreme Court, Westchester County (Dachenhausen, J.), entered July 28, 1987, which denied its motion pursuant to CPLR 317 to vacate a default judgment and (2) a judgment of the same court dated July 28, 1987, which upon the default of the defendant, was in favor of the plaintiff in the principal amount of $39,973.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, with costs, the order is vacated, the defendant's motion is granted, and the defendant's proposed answer is deemed served.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

Based on the facts of this case, we conclude that the Supreme Court erred in denying the defendant's motion pursuant to CPLR 317 to vacate the default judgment. The record establishes that the plaintiff attempted service upon the defendant by serving a copy of the summons and complaint upon the Secretary of State pursuant to Business Corporation Law

§ 306. The defendant's address on file with the Secretary of State, to which the Secretary of State mailed a copy of the summons and complaint, was its old address from which it had moved some 10 years earlier. The summons and complaint were returned by the postal authorities as "moved not forwardable". Accordingly, the defendant was never served.

CPLR 317 provides, generally, that a defendant is entitled to vacatur of a default judgment if it is established that he did not receive personal notice of the summons in time to defend and that he has a meritorious defense. Contrary to the Supreme Court's determination, the fact that the defendant herein failed to notify the Secretary of State of its change of address is not relevant to the issue of whether it is entitled to relief under CPLR 317 (see, *H.K.A. Realty Co. v United Steel & Strip Corp.,* 88 AD2d 612). This is particularly so in view of the fact that the plaintiff, who had been employed by the defendant, had knowledge of the defendant's actual business address. Thus, the plaintiff could have effectuated service under CPLR 311 (see, *Celifarco v Command Bus Co.,* 107 AD2d 785). Moreover, there is no basis in the record upon which to conclude that the defendant was deliberately attempting to avoid service of process (cf., *Conte Cadillac v C.A.R.S. Purch. Serv.,* 126 AD2d 621).

We also find that the defendant's moving papers sufficiently allege the existence of meritorious defenses to the plaintiff's action.

Accordingly, in view of the foregoing, the defendant is entitled to vacatur of the default judgment pursuant to CPLR 317. Mollen, P. J., Brown, Rubin and Kooper, JJ., concur.