■ RENE PENA, an Infant, by His Mother and Natural Guardian, LUISA PENA, Respondents, v FRANCES MITTLEMAN, Appellant.

Defendant-appellant Frances Mittleman is the owner of a multiple dwelling at 143 Ludlow Street in Manhattan. Plaintiffs-respondents were tenants therein on June 30, 1989 when Rene Pena, the infant plaintiff, allegedly fell from a fire escape and suffered serious injuries. Plaintiffs' attorney thereafter wrote to defendant on several occasions but received no response and also attempted, equally without success, to serve her personally. Additionally, a summons and complaint was served on two occasions by means of the "nail and mail" process and once by delivery upon a suitable person at the address of the manager of defendant's building. Plaintiffs then moved for a default judgment and assessment, which was granted by the Supreme Court on October 18, 1990. However, on February 4, 1991, defendant moved pursuant to CPLR 5015 and 317 to be relieved from the default and be permitted to file and serve an answer to the action against her. According to defendant, she failed to respond to the complaint because she was never personally served with the summons and complaint and was, therefore, unaware of the commencement of the lawsuit; she apparently learned about the matter only after her son-in-law found a copy of the default order and that, in any event, there is no allegation of negligence against defendant herself since the only acts of omission or negligence charged by plaintiffs were not attributable to her. Plaintiff also asserts that she would be able to show that the infant plaintiff's injuries were caused by plaintiffs' own negligence and lack of care.

The Supreme Court, in holding in abeyance defendant's request to vacate the default judgment pending a traverse before a Special Referee, would only consider the motion under CPLR 5015 (a) (1) on the ground that "[a]n application pursuant to CPLR 317 presumes the Court has personal jurisdiction over the defendant which enabled it to enter the underlying default judgment, but since it is the policy of New York State Courts to decide cases on the merits, the movant is permitted to defend on the merits * * * Since Mittleman claims she was never served CPLR 5015 (a) (1) applies to this situation and not CPLR 317." This was in error. Defendant is entitled to rely upon both sections. In that connection, CPLR 317 provides that: "A person served with a summons other than by personal delivery to him or his agent for service designated under rule 318, within or without the state, who does not appear may be allowed to defend the action within one year after he obtains knowledge of entry of the judgment, but in no event more than five years after such entry, upon a

finding of the court that he did not personally receive notice of the summons in time to defend and has a meritorious defense."

Thus, a party who has not been personally served, which defendant urges that she was not, may be allowed to open a default and defend the action on the merits within one year after learning of the entry of judgment (*Dobkin v Chapman,* 21 NY2d 490, 505). The Supreme Court, however, concluded that where a litigant has challenged jurisdiction over her person, CPLR 317 is not available, and she must, instead, assert only CPLR 5015 (a) (1) which states that "[t]he court which rendered a judgment or order may relieve a party from it upon such terms as may be just * * * upon the ground of * * * excusable default" within, in relevant part, one year after service of a copy of the judgment with written notice of entry. An objection to *in personam* jurisdiction must be raised by motion to dismiss pursuant to CPLR 3211 or by answer or it is deemed waived (CPLR 320 [b]; *Foster v McMorran,* 33 AD2d 978). The Supreme Court's rationale would require that a defendant who wishes to be relieved from a default must either waive the defense of lack of personal jurisdiction in the proposed answer to the complaint and seek relief under CPLR 317 or, if alternatively, he or she desires to preserve this defense, vacatur of the default judgment may be attempted under CPLR 5015 (a) (1) but not by advancing CPLR 317. Yet, as is aptly noted in the Practice Commentaries with respect to CPLR 317:

"The distinction between moving under CPLR 5015 and 317 is that, on a motion under CPLR 317, the defendant does not have to come forward with a reasonable excuse for his default. All that he need demonstrate is that he did not personally receive notice of the pending lawsuit. *Meyer v. Chas. Fisher & Sons Dental Laboratory, Inc.,* 1982, 90 A.D.2d 889, 456 N.Y.S.2d 520; *Zuppa v. Bison Drywall & Insulation Co.,* 1983, 93 A.D.2d 997, 462 N.Y.S.2d 83. On a motion under CPLR 5015, by contrast, the defendant must show that his default was 'excusable.' See *Benadon v. Antonio,* 1960, 10 A.D.2d 40, 197 N.Y.S.2d 1, modified 10 A.D.2d 929, 205 N.Y.S.2d 800. In both cases the defendant must demonstrate a meritorious defense. CPLR 317 says so expressly; and the cases under CPLR 5015 have arrived at the same result. *Benadon v. Antonio,* supra.

"To avoid problems, the defendant is well-advised to move under both sections. It has been held that a defendant who makes an unsuccessful motion under CPLR 317 is not thereaf-

ter precluded from making a second motion to open his default, this time under CPLR 5015. *Ariowitsch v. Johnson,* 1986, 114 A.D.2d 184, 498 N.Y.S.2d 891." (McLaughlin, McKinney's Cons Laws of NY, Book 7B, CPLR C317:2.)

Significantly, the New York Court of Appeals has determined that a court may consider a motion made under CPLR 5015 as one brought under CPLR 317 as well *(Eugene Di Lorenzo, Inc. v Dutton Lbr. Co.,* 67 NY2d 138). Under these circumstances, the two sections can scarcely be perceived as incompatible, and, indeed, the Supreme Court did not cite any legal authority for its decision. It should be noted, however, that relief under CPLR 317 is not automatic but may be denied where, for instance, defendant's failure to obtain proper notice was the result of a deliberate attempt to avoid such notice *(Eugene Di Lorenzo, Inc. v Dutton Lbr. Co., supra; Conte Cadillac v C.A.R.S. Purch. Serv.,* 126 AD2d 621). Consequently, while defendant herein may be compelled to show that she was not engaged in avoiding service, she is certainly entitled to assert both CPLR 5015 and 317. Concur—Sullivan, J. P., Milonas, Ellerin and Kupferman, JJ.