■ TONAWANDA TANK TRANSPORT SERVICE, INC., Appellant, v ENVIROSURE MANAGEMENT CORP. et al., Respondents. (Appeal No. 1.)

Memorandum: Supreme Court did not abuse its discretion by granting defendants' motions to vacate default judgments taken against them by plaintiff. Plaintiff commenced these actions by service of the summons and complaint upon the Secretary of State. It is undisputed that neither defendant received the summons and complaint because neither defendant had a current address on file with the Secretary of State. Under these circumstances, where the evidence demonstrates that defendants inadvertently failed to keep their addresses current, where plaintiff was fully familiar with defendants' actual addresses, and where defendants' answers alleged facts sufficient to demonstrate meritorious defenses to plaintiff's actions, the default judgments were properly vacated pursuant to CPLR 317 (see, Eugene Di Lorenzo, Inc. v Dutton Lbr. Co., 67 NY2d 138, 142-143; Stein v Matarasso & Co., 143 AD2d 825, 826; Eastern Alloys v Gleason Sec. Serv., 133 AD2d 806; Celifarco v Command Bus Co., 107 AD2d 785, 786; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C317:2). We have examined plaintiff's remaining arguments and find them to be without merit. (Appeal from Order of Supreme Court, Erie County, Wolf, Jr., J.—Vacate Default Judgment.) Present—Callahan, J. P., Doerr, Green, Balio and Lawton, JJ.

■ TONAWANDA TANK TRANSPORT SERVICE, INC., Appellant, v FRONTIER CHEMICAL WASTE PROCESS, INC., Respondent. (Appeal No. 2.)

(Appeal from Order of Supreme Court, Erie County, Gorski, J.—Vacate Default Judgment.) Present—Callahan, J. P., Doerr, Green, Balio and Lawton, JJ.