■ New York State Electric and Gas Corporation, Respondent, v Robert L. Allen, Appellant. [668 NYS2d 275] —Spain, J. Appeals (1) from an order of the Supreme Court (Relihan, Jr., J.), entered March 3, 1997 in Tompkins County, which denied defendant's motion to vacate a default judgment, and (2) from an order of said court, entered April 11, 1997 in Tompkins County, which denied defendant's motion for reconsideration.

During the summer of 1986 defendant, a licensed driver in New York, relocated to Vermont from his residence in the Village of Fort Edward, Washington County. In December 1986 he was the operator of a Vermont-registered motor vehicle which was involved in an accident in New York wherein a utility pole owned by plaintiff was damaged. In February 1987 defendant was convicted of operating an uninsured motor vehicle and leaving the scene of an accident arising out of the December 1986 accident; his New York driver's license was thereafter revoked in September 1987. In January 1988 plaintiff utilized records maintained by the New York State Department of Motor Vehicles in order to ascertain defendant's address and thereafter attempted to personally serve defendant, at the address on record with the Department, with a summons and complaint. Having attempted to personally serve defendant on four different dates at four varying times of day, plaintiff effected service on February 5, 1988 by the "nail and mail" method (*see*, CPLR 308 [4]). In January 1989 a default judgment was entered against defendant for the property damage which plaintiff had sustained from the accident.

In early November 1996 defendant moved to vacate the default judgment, claiming defective service of process because the process server had not used due diligence nor had the summons and complaint been affixed to his actual dwelling place (*see, id.*). Noting, *inter alia*, defendant's admission that he had lived at the address to which service was effected until 1986 and the fact that defendant had not notified the Department of a change in his address as of the date on which plaintiff had utilized the Department's records to ascertain defendant's address, Supreme Court determined, *inter alia*, that defendant was estopped from challenging the propriety of the service and denied his motion to vacate the default. Thereafter, defendant's motion for reconsideration was also denied. Defendant appeals.

We affirm. Vehicle and Traffic Law § 505 (5) provides that, *inter alia*, every licensee must notify the Department of any change of residence within 10 days of the change. When motor vehicle licensees fail to comply with such requirement, they are estopped from contesting the validity of service effected against them at their prior address (*see, Pumarejo-Garcia v McDonough*, 242 AD2d 374; *Sherrill v Pettiford*, 172 AD2d 512). Defendant argues that he was not under a duty to comply with Vehicle and Traffic Law § 505 (5) because his driver's license had been revoked at the time he moved out of State. This assertion is belied by the record, however, which includes a transcript of defendant's New York driving record indicating that defendant's driver's license was not revoked until September 1987. The record also reveals that defendant had not lived at the address to which service was effected since the summer of 1986. Accordingly, defendant is estopped from challenging the propriety of the service effected against him including, in our view, the diligence of the process server.

Defendant's remaining assertions have been considered and are also rejected. Accordingly, we affirm both of Supreme Court's orders.

Cardona, P. J., White, Peters and Carpinello, JJ., concur. Ordered that the orders are affirmed, with costs.