OPINION OF THE COURT
Lucy Billings, J.
This action arises from a motor vehicle collision in Bronx *498 County in February 1995, between a vehicle owned and operated by plaintiff’s subrogor and a vehicle owned and operated by defendant. By order to show cause July 16, 2001, defendant moved to vacate the default judgment entered against him November 12, 1999, and to dismiss the complaint due to improper service. In addition to his defense of improper service defendant claims that plaintiffs subrogor, not defendant, caused the collision alleged in the complaint.
On August 21, 2001, the court (Kornreich, J.) granted defendant’s motion to the extent of ordering a hearing, before final disposition of the motion, on whether plaintiff properly served defendant with the summons and complaint. The court held a hearing September 26, 2001. Upon the close of the evidence and closing arguments the court summarized the following findings and conclusions on the record and reserved decision on one issue until after the parties had an opportunity to address the issue in posthearing memoranda. This issue is whether defendant, by failing to notify the New York State Department of Motor Vehicles (DMV) of his change of address, as required by Vehicle and Traffic Law § 505 (5), is estopped from challenging service that otherwise was improper.
For the reasons explained below, the court holds that defendant is estopped from claiming improper service because he failed to comply with Vehicle and Traffic Law § 505 (5). Therefore the court denies his motion insofar as it seeks to dismiss the complaint. Nonetheless, the court grants defendant’s motion to vacate the default judgment. (CPLR 317.)
I. Findings of Fact
Plaintiffs process server, Robert Ramsay, served plaintiffs summons and complaint October 28, 1997 by substitute service at 36-11 Linden Place, apartment IB, Flushing, New York, where he handed the summons and complaint to a person Ramsay identified as Daniel Fuat. The process server then mailed the papers, as required by CPLR 308 (2), to defendant Cinar Fuat at the same address.
Defendant never received the summons and complaint and learned about the action and the judgment against him only when he received a credit report sometime between April and July 2001. Until 1996, defendant resided at the Flushing address where plaintiff served the papers, but in 1996 he moved to New Jersey, where he resided on October 28, 1997, the date of service.
Defendant’s roommate at the Flushing address was Davat Kinik, who continued to reside there after defendant moved. *499 Defendant knows no one named Daniel Fuat. Except for the different name, however, defendant’s description of Davat Kinik, while not identical, is similar enough that he could have been the person the process server identified.
Although defendant provided his change of address to the post office, he received mail delivered to his prior Flushing address only a few times, when his former roommate forwarded the mail to him. Defendant obtained a New Jersey driver’s license, but never notified the New York State DMV of his new address.
Thus, while plaintiff served a person of suitable age and discretion at defendant’s former residence and effected the required follow-up mailings, because defendant no longer resided there, plaintiff did not effect service at defendant’s residence on the date of service, as required by CPLR 308 (2). Plaintiff, however, relied on defendant’s address as a licensee of the New York State DMV, which listed defendant’s last residence as the address where plaintiff served him, since defendant never changed that listing. As a result, defendant never received notice of this action until at least April 2001, when he received a report indicating a judgment against him.
II. Application of Vehicle and Traffic Law § 505 (5)
Vehicle and Traffic Law § 505 (5) requires every licensee to notify the Commissioner of DMV, in writing, “of any change of residence of such licensee within ten days after such change occurs.” While defendant was not served at his current address, he was served at the residence address he had provided to DMV. Defendant concedes he never notified DMV of his change of address when he moved to New Jersey. Therefore, as long as he remained a DMV licensee within the 10-day period after he moved to New Jersey, he is estopped from claiming improper service. (Williams v Yassky, 199 AD2d 18, 19 [1st Dept 1993]; New York State Elec. & Gas Corp. v Allen, 246 AD2d 855, 856 [3d Dept 1998]; Pumarejo-Garcia v McDonough, 242 AD2d 374, 375 [2d Dept 1997].)
Neither party produced any evidence on whether defendant remained a “licensee” for 10 days after he moved to New Jersey and thus was subject to Vehicle and Traffic Law § 505 (5). As the party claiming jurisdiction over defendant, plaintiff bears the burden to demonstrate service through one of the prescribed methods at a proper address of defendant’s residence or place of business. (Stewart v Volkswagen of Am., 81 NY2d 203, 207-208 [1993]; Matter of 72A Realty Assoc. v New York City Envtl. Control Bd., 275 AD2d 284, 285-286 [1st Dept 2000]; OCI Mtge. *500 Corp. v Omar, 232 AD2d 462, 463 [2d Dept 1996]; Avakian v De Los Santos, 183 AD2d 687, 688 [2d Dept 1992].) Yet plaintiff need only make out a prima facie case of personal jurisdiction, which plaintiff did by proving service on a person of suitable age and discretion at defendant’s last residence address listed at DMV. (Brandt v Toraby, 273 AD2d 429, 430 [2d Dept 2000].)
If defendant claimed his DMV license address was an improper address for service, he had the burden to demonstrate that he was not a licensee subject to Vehicle and Traffic Law § 505 (5). (Guggenheim Found. v Lubell, 77 NY2d 311, 321 [1991].) He had the opportunity to establish that fact, through evidence fully accessible to him, but failed to do so. (Matter of Powers v Powers, 86 NY2d 63, 69-70 [1995]; Matter of Philip M., 82 NY2d 238, 244-245 [1993]; see Hymowitz v Eli Lilly & Co., 73 NY2d 487, 505 [1989].) Absent any evidence or even a claim by defendant that he was not a licensee during the 10-day period when he was required to report his address change, the court must resolve this issue in plaintiff’s favor and find defendant was a licensee during the 10-day period after he moved to New Jersey and thus was subject to Vehicle and Traffic Law § 505 (5). (Brandt v Toraby, 273 AD2d at 430; New York State Elec. & Gas Corp. v Allen, 246 AD2d at 856; Sherrill v Pettiford, 172 AD2d 512, 513 [2d Dept 1991].)
Defendant seeks to escape the statute’s application because he moved out of state, but not because he was no longer a “licensee” subject to the statute. Vehicle and Traffic Law § 505 (5) requires any person with a valid New York State driver’s license to notify DMV of his new address, whether he moves within or out of state. (New York State Elec. & Gas Corp. v Allen, 246 AD2d at 856; Sherrill v Pettiford, 172 AD2d at 513.) Although it is conceivable defendant’s license coincidentally expired before the 10-day period for notice elapsed, defendant never sought to prove such a fact. Nor did he seek to prove that he surrendered his license during that period. Given the shortness of the 10-day time limit, moreover, both these possibilities are unlikely. The fact that defendant’s license may have expired or defendant may have surrendered it later is of no consequence, as long as he was a licensee when he was required to report his move. (Vehicle and Traffic Law § 505 [5]; New York State Elec. & Gas Corp. v Allen, 246 AD2d at 856; Sherrill v Pettiford, 172 AD2d at 513.)
Even if defendant’s failure to correct his address at DMV was an oversight, Vehicle and Traffic Law § 505 (5) treats noncompliance with the statute’s requirement as conduct *501 designed to conceal defendant’s new address and estops defendant from claiming that service at the address he listed with DMV was not at his current residence. (Pumarejo-Garcia v McDonough, 242 AD2d at 375; Burke v Zorba Diner, 213 AD2d 577, 578-579 [2d Dept 1995]; Harrington v Dickinson, 159 AD2d 876, 877-878 [3d Dept 1990].) Defendant does not claim any lack of a jurisdiction over this action other than improper service. Since the action arose out of a motor vehicle collision in New York, this court has jurisdiction, despite defendant’s residence outside the state when the action was commenced. (See Keane v Kamin, 94 NY2d 263, 265-266 [1999].) As service at an address that was not defendant’s current residence, but the address defendant listed with DMV, is the only impropriety in service, and Vehicle and Traffic Law § 505 (5) estops him from claiming this defect, the court denies his motion to dismiss this action.
III. Vacating the Default Judgment
Despite proper service, the court may vacate a default judgment under CPLR 5015 (a) (1) if defendant has a reasonable excuse for his default and a meritorious defense other than improper service, provided defendant makes the motion within one year after notice of entry of the judgment is served. Since plaintiff served defendant December 16, 1999 with notice of entry of the judgment, more than a year before defendant moved to vacate his default, section 5015 (a) (1) does not permit vacatur.
Defendant may, however, avail himself of CPLR 317: “A person served with a summons other than by personal delivery to him * * * , who does not appear may be allowed to defend the action within one year after he obtains knowledge of entry of the judgment, but in no event more than five years after such entry, upon a finding of the court that he did not personally receive notice of the summons in time to defend and has a meritorious defense.” (See Eugene Di Lorenzo, Inc. v Dutton Lbr. Co., 67 NY2d 138, 143 [1986]; Peacock v Kalikow, 239 AD2d 188, 189 [1st Dept 1997]; Pena v Mittleman, 179 AD2d 607, 609-610 [1st Dept 1992].) Plaintiff served defendant in December 1999 with notice of entry of the judgment at the Flushing address that was no longer his residence. Consequently, defendant did not know of the judgment entered against him before April 2001, when he obtained a credit report indicating the judgment. He moved to vacate his default within one year afterward and within five years after entry of the judgment in November 1999. (CPLR 317.)
*502 Defendant also has alleged a meritorious defense to this action: that he did not negligently cause damage to the vehicle owned by plaintiffs subrogor. (Id.; Taieb v Hilton Hotels Corp., 60 NY2d 725, 728 [1983]; Pena v Mittleman, 179 AD2d at 609; Concepcion v Talon Realty Corp., 258 AD2d 494 [2d Dept 1999].) Despite defendant’s noncompliance with Vehicle and Traffic Law § 505 (5), the strong judicial preference for resolving an action on its merits, in the interest of justice, demands a full and fair adjudication of plaintiffs damages claim, where defendant is afforded the opportunity to defend on the merits. (USAA Cas. Ins. Co. v Singh, 184 Misc 2d 296, 297 [App Term, 1st Dept 2000]; see Eugene Di Lorenzo, Inc. v Dutton Lbr. Co., 67 NY2d at 141-142; Tonawanda Tank Transp. Serv. v Envirosure Mgt. Corp., 179 AD2d 1014 [4th Dept 1992]; Stein v Matarasso & Co., 143 AD2d 825, 826 [2d Dept 1988]; Marquette Co. v Norcem, Inc., 114 AD2d 738, 739 [3d Dept 1985].)
IV. Conclusion
Therefore the court denies defendant’s motion insofar as it seeks to dismiss this action, but grants defendant’s motion to the extent of vacating the default judgment entered against him November 12, 1999, on the condition that defendant serves the proposed answer attached to his motion within 10 days after service of this order with notice of entry.