■ In the Matter of Thomas C. Mangialino, Jr., et al., Respondents, v White Haven Memorial Park, Appellant. (Appeal No. 2.)—Order unanimously modified on the law and in the exercise of discretion to grant defendant's motion for renewal and for a protective order, in accordance with memorandum, and as modified affirmed without costs. Memorandum: Defendant White Haven Memorial Park appeals from two orders of Supreme Court: the first order denied its motion for a protective order, and the second order denied its motion for renewal and reargument. Plaintiffs' infant daughter was born and died on the same day, and was cremated by White Haven. White Haven concedes that the wrong cremated remains were delivered to plaintiffs, but has offered what it contends are the right remains to plaintiffs, who refuse to accept them. Plaintiffs commenced an action against White Haven seeking compensatory and punitive damages for negligence and breach of contract, and served a notice to produce.

White Haven's motion for a protective order was directed to that part of the notice which sought production of identifying documents regarding four other individuals cremated at White Haven between March 27, 1984 and April 2, 1984. (Plaintiffs' daughter was cremated on March 30, 1984.) The court not only directed White Haven to comply with the demands in the notice, but also *sua sponte* ordered White Haven to provide the names and addresses of all deceased persons cremated within 30 days of plaintiffs' daughter's cremation and their next of kin.

Defendant's motion to renew and reargue was based on the expert opinion of a professor of forensic anthropology who had examined the remains which White Haven contends are those of plaintiffs' daughter. He concluded that they were the remains of a single human individual between the third trimester and 30 days of age; he made no further identification. In response, plaintiffs submitted an affidavit of their expert that the remains erroneously delivered to them were those of an adult and a newborn infant. White Haven contended that its expert's report was not available at the time of its original

motion because the 10-day time period within which the motion for a protective order had to be made did not give it enough time to obtain an opinion *(see, Lefkowitz v Nassau County Med. Center,* 94 AD2d 18). Under these circumstances, the court abused its discretion in denying defendant's motion to renew with respect to other persons cremated at White Haven, and upon renewal, the court should have granted defendant's motion for a protective order to that extent. It appears from the reports of both experts that it is not scientifically possible to determine from examination of cremated remains that they are the remains of a particular individual. To resist a motion for a protective order, the party seeking discovery must demonstrate that it "will result in the disclosure of relevant evidence or is reasonably calculated to lead to the discovery of information" bearing on the claims *(Herbst v Bruhn,* 106 AD2d 546, 549). Plaintiffs are entitled to disclosure of "any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity" *(Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403, 406). Plaintiffs have not met their burden of showing how the information sought is relevant to their claim for money damages. (Appeal from order of Supreme Court, Monroe County, Curran, J.—renew/reargue.) Present—Denman, J. P., Boomer, Pine, Lawton and Davis, JJ.