■ AMANDA RIVERA et al., Appellants, v 999 REALTY MANAGEMENT, INC., Respondent. [666 NYS2d 962] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Kramer, J.), dated November 1, 1996, which granted the defendant's motion to vacate an order dated October 5, 1992, which determined "all issues of liability" against the defendant upon its default in answering or appearing.

Ordered that the order dated November 1, 1996, is reversed, on the law, with costs, the motion is denied, and the order dated October 5, 1992, is reinstated.

We conclude that the Supreme Court improvidently exercised its discretion in granting the defendant's motion to vacate the order dated October 5, 1992. In order to obtain relief pursuant to CPLR 317, the defendant was required to establish that it did not personally receive notice of the summons in time to defend and that it has a meritorious defense (*see, Eugene Di Lorenzo, Inc. v Dutton Lbr. Co.,* 67 NY2d 138).

The record reveals that the plaintiffs effected service upon the defendant in 1992 by delivering two copies of the summons and complaint to the Secretary of State (*see,* CPLR 311 [1]; Business Corporation Law § 306), and the defendant does not contend that the address on file with the Secretary of State was incorrect. Moreover, the defendant failed to rebut satisfactorily the evidence submitted by the plaintiffs that copies of

the summons and complaint were delivered in 1992 to the defendant at its business address in Brooklyn. Accordingly, the defendant failed to meet its burden of showing that it did not receive actual notice of the summons in time to defend (*see, Fleetwood Park Corp. v Jerrick Waterproofing Co.*, 203 AD2d 238; *Essex Credit Corp. v Tarantini Assocs.*, 179 AD2d 973). The defendant's conclusory allegations that there are issues of fact as to the circumstances surrounding the injured plaintiff's accident are insufficient to establish that it has a meritorious defense to this action.

Finally, the defendant's failure to make a prima facie showing of a meritorious defense precludes relief under CPLR 5015 (a) (1) (*see, Gray v B.R. Trucking Co.*, 59 NY2d 649; *Central Savannah Riv. Area Resource Dev. Agency v White Eagle Intl.*, 110 AD2d 742). Rosenblatt, J. P., O'Brien, Thompson, Friedmann and Goldstein, JJ., concur.