■ STAMATIOS KAVOURIAS, Appellant, v BIG SIX PHARMACY INCORPORATED, Doing Business as JOHN'S PHARMACY, et al., Respondents, et al., Defendant. [692 NYS2d 171] —In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (LeVine, J.), dated July 6, 1998, as granted that branch of the motion of the defendants Big Six Pharmacy Incorporated, d/b/a John's Pharmacy and Tard Realty Corp. which was to vacate so much of an order of the same court (Price, J.), dated June 7, 1995, as set the matter down for an inquest against them upon their failure to appear or answer.

Ordered that the order is affirmed insofar as appealed from, with costs.

Pursuant to CPLR 317, relief from a default may be obtained upon a showing that a defendant did not receive actual notice of the summons in time to defend, and has a meritorious defense (see, CPLR 317; Eugene Di Lorenzo, Inc. v Dutton Lbr. Co., 67 NY2d 138; Concepcion v Talon Realty Corp., 258 AD2d 494; Mann-Tell Realty Corp. v Cappadora Realty Corp., 184 AD2d 497, 498). The plaintiff served the defendant Big Six Pharmacy Incorporated, d/b/a John's Pharmacy (hereinafter Big Six), the tenant of the premises, and the defendant Tard Realty Corp., the owner of the premises (hereinafter the corporate defendants) in December 1994 by delivering the requisite number of copies of the summons and complaint to the Secretary of State (see, Business Corporation Law § 306). Big Six had dissolved and the premises had been sold prior to service of the summons and complaint. The corporate defendants established that they did not receive actual notice of the summons in time to defend (cf., Board of Mgrs. v 263 Riv. Ave. Corp., 243 AD2d 668; Fleetwood Park Corp. v Jerrick Waterproofing Co., 203 AD2d 238; Anchor Sav. Bank v Alpha Developers, 143 AD2d 711), and that they have a meritorious defense (see, Anamdi v Anugo, 229 AD2d 408). O'Brien, J. P., Ritter, Joy, Altman and Smith, JJ., concur.

■ RICHARD KNOOP, Appellant, v UNITED STATES TENNIS ASSOCIATION, Respondent, and PRIDE EQUIPMENT CORP., Defendant and Third-Party Plaintiff-Respondent. ARC ELECTRIC, INC., Third-Party Defendant. (And Another Third-Party Action.) [691 NYS2d 319] —Appeal by the plaintiff from an order of the Supreme Court, Nassau County (Schmidt, J.), entered April 17, 1998.

Ordered that the order is affirmed, without costs or disbursements, for reasons stated by Schmidt, J., at the Supreme Court. S. Miller, J. P., Sullivan, Joy and Goldstein, JJ., concur.