■ ROSA TRUJILLO, Respondent, v ATA HOUSING CORPORATION, Appellant, et al., Defendant. [722 NYS2d 62] —In an action to recover damages for personal injuries, the defendant ATA Housing Corporation appeals from an order of the Supreme Court, Kings County (Cutrona, J.), dated May 1, 2000, which

denied its motion pursuant to CPLR 5015 (a) (1) and 317 to vacate a prior order of the same court, dated June 8, 1998, granting the plaintiff's motion for leave to enter judgment against it upon its default in answering the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the order dated June 8, 1998, is vacated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.

The appellant, ATA Housing Corporation (hereinafter ATA), demonstrated that it was not served with the summons and complaint. Service was made only through the Secretary of State, and because of an oversight by ATA an incorrect address was on file with that agency and listed on ATA's certificate of incorporation.

Although the Supreme Court properly determined that this did not constitute a reasonable excuse sufficient to vacate its default pursuant to CPLR 5015 (a) (*see, Eugene Di Lorenzo, Inc. v Dutton Lbr. Co.,* 67 NY2d 138, 141; *Santiago v Sansue Realty Corp.,* 243 AD2d 622), another branch of the motion was based on CPLR 317, which does not require a defendant to demonstrate a reasonable excuse for its default (*see, Di Lorenzo, Inc. v Dutton Lbr. Co., supra,* at 142; *Kavourias v Big Six Pharmacy,* 262 AD2d 456; *Rivera v 999 Realty Mgt.,* 246 AD2d 637). Pursuant to CPLR 317, ATA was required to establish that it did not personally receive notice of the summons in time to defend and that it had a meritorious defense (*see, Di Lorenzo, Inc. v Dutton Lbr. Co., supra; Kavourias v Big Six Pharmacy, supra; Rivera v 999 Realty Mgt., supra*).

Here, the evidence clearly demonstrated that ATA did not personally receive notice of the summons in time to defend, and that it timely moved to vacate its default (*see,* CPLR 317). It also appears that the plaintiff was familiar with ATA's actual place of business in White Plains, but failed to serve the summons at that business address. As a result, and in light of ATA's meritorious defense, ATA was entitled to relief pursuant to CPLR 317 (*see, Kavourias v Big Six Pharmacy, supra; Tonawanda Tank Transp. Serv. v Envirosure Mgt. Corp.,* 179 AD2d 1014; *Brac Constr. Corp. v Di-Com Corp.,* 51 AD2d 740). Bracken, P. J., S. Miller, McGinity and Schmidt, JJ., concur.