■ D & D ASPHALT CONSTRUCTION CORP., Respondent, v CO-REALTY, LLC, Appellant. [744 NYS2d 713] —In an action, inter

alia, to recover damages for breach of contract, the defendant appeals from (1) an order of the Supreme Court, Nassau County (Segal, J.), entered June 14, 2001, which denied its motion to vacate a judgment of the same court, entered January 18, 2001, upon its failure to appear or answer, and (2) an order of the same court, dated October 1, 2001, which denied its motion for leave to renew and reargue.

Ordered that the appeal from so much of the order dated October 1, 2001 as denied that branch of the defendant's motion which was for leave to reargue is dismissed, as no appeal lies from the denial of leave of reargue; and it is further,

Ordered that the order entered June 14, 2001 is reversed, on the law, the motion is granted, the judgment entered January 18, 2001 is vacated, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith; and it is further,

Ordered that the appeal from so much of the order dated October 1, 2001 as denied that branch of the defendant's motion which was for leave to renew is dismissed as academic; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The plaintiff, a corporation engaged in the asphalt and paving business, commenced this action on September 12, 2000, inter alia, to recover damages for breach of contract.

On October 11, 2000, the plaintiff effectuated service of the summons with notice upon the defendant by serving two copies of the papers upon the Secretary of State.

The defendant is a limited liability company with its place of business located at 225 Nassau Boulevard, West Hempstead (hereinafter place of business). However, the defendant designated the address of 2000 North Village Avenue, Rockville Centre, as its address for service of process.

After the defendant failed to appear in the action, the plaintiff mailed an additional copy of the summons as well as a notice of default to the defendant's place of business on December 27, 2000. The plaintiff then moved for leave to enter a judgment in the sum of $39,700, upon its default.

The Supreme Court granted the motion. In May 2001, the defendant moved to vacate its default pursuant to CPLR 5015 and 317. The defendant asserted, among other things, that its address on file with the Secretary of State was incorrect and that it was never notified of the action. Further, the defendant maintained that it had a meritorious defense since it paid the plaintiff for work that the plaintiff failed to perform under the

terms of the contract, and was forced to incur additional expenses in hiring a contractor to correct and complete the plaintiff's work.

The Supreme Court denied the defendant's motion, finding that the defendant's failure to forward its business address to the Secretary of State did not constitute a reasonable excuse. Further, the Supreme Court found, after its examination of the papers on file, that the action complied with the requirements of CPLR 3215 (f).

On July 13, 2001, the defendant moved for leave to renew and reargue its prior motion. The Supreme Court denied that motion in an order dated October 1, 2001.

The Supreme Court did not explicitly address that branch of the defendant's motion which was to vacate its default pursuant to CPLR 317. CPLR 317 requires that the defendant set forth a meritorious defense in support of a motion to vacate a default. However, the statute does not require that the movant establish a reasonable excuse (*see* CPLR 317; *Eugene Di Lorenzo, Inc. v Dutton Lbr. Co.,* 67 NY2d 138; *Santiago v Sansue Realty Corp.,* 243 AD2d 622). Here, the defendant established that it did not receive actual notice of the summons in time to defend, and that it had a meritorious defense since the plaintiff had been compensated for the work being sued upon (*see Concepcion v Talon Realty Corp.,* 258 AD2d 494). Thus, the Supreme Court erred in denying the defendant's motion to vacate its default.

In light of our determination, we need not address the defendant's remaining contentions. Ritter, J.P., O'Brien, Crane and Cozier, JJ., concur.