■ SARAH SAMET, Respondent, v BEDFORD FLUSHING HOLDING CORP., Doing Business as CONCORD PLAZA, Appellant. [749 NYS2d 566] —In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Schneier, J.), dated May 9, 2002, as denied its motion pursuant to CPLR 317 to vacate a judgment of the same court (Archer, J.), dated January 15, 2002, entered upon its failure to appear or answer.

Ordered that the order is reversed insofar as appealed from, with costs, the motion is granted, and the judgment is vacated; and it is further,

Ordered that the defendant's time to interpose an answer is extended until 20 days after service upon it of a copy of this decision and order.

The Supreme Court erred in denying the defendant's motion pursuant to CPLR 317 to vacate the judgment entered upon its failure to appear or answer. The plaintiff attempted to effect service upon the defendant by serving a copy of the summons and complaint upon the Secretary of State pursuant to Business Corporation Law § 306. The defendant's address on file with the Secretary of State was its old address, from which it had moved years earlier. The summons and complaint were returned by the postal authorities marked "refused."

CPLR 317 provides, generally, that a defendant is entitled to vacatur of a default judgment if it is established that the defendant did not receive personal notice of the summons in time to defend and has a meritorious defense (*see D & D Asphalt Constr. Corp. v Corealty, LLC,* 296 AD2d 432). Contrary to the Supreme Court's determination, the fact that the defendant failed to notify the Secretary of State of its change of address is not relevant to the issue of whether it is entitled to relief under CPLR 317 (*see Stein v Matarasso & Co.,* 143 AD2d 825; *H.K.A. Realty Co. v United Steel & Strip Corp.,* 88 AD2d 612). There is no basis in the record upon which to conclude that the defendant was deliberately attempting to avoid service of process (*cf. Paul Conte Cadillac v C.A.R.S. Purch. Serv.,* 126 AD2d 621). The defendant's moving papers sufficiently alleged the existence of meritorious defenses to the action.

Accordingly, the defendant is entitled to vacatur of the judgment entered upon its default pursuant to CPLR 317. Ritter, J.P., Altman, H. Miller and Adams, JJ., concur.