■ JONATHAN FORD et al., Appellants, v 536 EAST 5TH STREET EQUITIES, INC., Respondent. [757 NYS2d 473] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Schmidt, J.), dated May 1, 2002, which granted the defendant's motion to vacate a judgment of the same court (Silverman, J.H.O.), entered December 12, 2001, upon its failure to appear or answer.

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted the defendant's motion to vacate the judgment entered upon its failure to appear or answer. Pursuant to CPLR 317, relief from a default may be obtained upon a showing that a defendant did not receive actual notice of the summons in time to defend, and has a meritorious defense (*see Eugene Di Lorenzo, Inc. v Dutton Lbr. Co.,* 67 NY2d 138, 142 [1986]; *Samet v Bedford Flushing Holding Corp.,* 299 AD2d 404 [2002]; *Kavourias v Big Six Pharm.,* 262 AD2d 456 [1999]). Here, the plaintiffs effected service by serving a copy of the summons and complaint upon the Secretary of State pursuant to Business Corporation Law § 306. The defendant's address on file with the Secretary of State was an old address, and the defendant's president denied ever receiving a copy of the summons and complaint. In addition, the defendant's moving papers sufficiently alleged the existence of a meritorious defense. Thus, pursuant to CPLR 317, the defendant was entitled to vacatur of the judgment entered upon its default (*see Samet v Bedford Flushing Holding Corp., supra*). Altman, J.P., Smith, Adams and Cozier, JJ., concur.