■ ISAAC BROCKINGTON et al., Appellants, v BROOKFIELD DEVELOPMENT CORPORATION, Respondent. [764 NYS2d 469] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Donovan, J.), dated August 7, 2002, which granted the defendant's motion pursuant to CPLR 317 to vacate a judgment of the same court (Coppola, J.), dated March 20, 2002, entered upon its failure to appear or answer.

Ordered that the order is affirmed, with costs.

The Supreme Court providently exercised its discretion in granting the defendant's motion pursuant to CPLR 317 to vacate a judgment entered upon its failure to appear or answer. A defendant is entitled to vacatur of a default judgment if it establishes that it did not receive personal notice of the summons in time to defend, and has a meritorious defense (*see Eugene Di Lorenzo, Inc. v Dutton Lbr. Co.,* 67 NY2d 138, 141-142 [1986]; *Ford v 536 E. 5th St. Equities,* 304 AD2d 615 [2003]; *D & D Asphalt Constr. Corp. v Corealty, LLC,* 296 AD2d

432, 434 [2002]). Here, service of process had been made upon the Secretary of State pursuant to Business Corporation Law § 306 and the address on file with the Secretary of State was that of the defendant's former attorney. The record reveals that the defendant did not "personally receive notice of the summons in time to defend," and there is no basis to conclude that the defendant was deliberately attempting to avoid notice of this action (*see Eugene Di Lorenzo, Inc. v Dutton Lbr. Co., supra* at 143; *Samet v Bedford Flushing Holding Corp.,* 299 AD2d 404, 405 [2002]). Furthermore, the record reveals the existence of a meritorious defense (*see Falsetta v Ronzoni Foods Corp.,* 234 AD2d 259 [1996]). Santucci, J.P., Feuerstein, Goldstein, Schmidt and Cozier, JJ., concur.