■ SEAN FRANKLIN et al., Respondents, v 172 AUBUBON CORP., Appellant. [819 NYS2d 785]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Queens County (LeVine, J.), dated July 13, 2005, which denied its motion pursuant to CPLR 5015 (a) (1) and CPLR 317 to vacate a judgment entered October 1, 2003, upon its default in appearing or answering the complaint.

Ordered that the order is reversed, on the law and the facts, with costs, the motion is granted, the judgment entered October 1, 2003, is vacated, and the answer annexed to the defendant's motion papers is deemed served.

The plaintiffs commenced this negligence action to recover damages for personal injuries sustained when the plaintiff Sean Franklin, a New York City Police Officer, fell on an interior stairwell in a building owned by the defendant. Pursuant to Business Corporation Law § 306, the defendant was served with process via service of the summons and complaint on the Secretary of State. Upon the defendant's default in appearing or answering, the plaintiffs obtained a default judgment against it on October 1, 2003. After the plaintiffs mailed a copy of the judgment to the defendant in January 2005, the defendant, by order to show cause dated March 16, 2005, moved to vacate its default, claiming that it had not received notice of the summons and complaint because of an outdated address on file with the Secretary of State. The Supreme Court denied the motion. We reverse.

While the Supreme Court properly found that an incorrect

address on file with the Secretary of State did not constitute a reasonable excuse sufficient to vacate the defendant's default under CPLR 5015 (a) (1) (*see Santiago v Sansue Realty Corp.*, 243 AD2d 622, 623 [1997]), the Supreme Court erred in denying the defendant's motion to vacate the judgment pursuant to CPLR 317. That statutory provision permits a defendant who has been "served with a summons other than by personal delivery" to seek relief from a default upon a showing that it did not receive actual notice of the summons in time to defend and has a meritorious defense (*see Calderon v 163 Ocean Tenants Corp.*, 27 AD3d 410, 410 [2006]; *Hon-Kuen Lo v Gong Park Realty Corp.*, 16 AD3d 553 [2005]; *Grosso v MTO Assoc. Ltd. Partnership*, 12 AD3d 402, 403 [2004]). A defendant moving for vacatur of a default under CPLR 317 need not establish a reasonable excuse for the delay in answering or appearing (*see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141-142 [1986]; *Trujillo v ATA Hous. Corp.*, 281 AD2d 538, 539 [2001]).

Here, the defendant's motion was timely made within one year after it obtained knowledge of entry of the judgment (*see* CPLR 317). The defendant established that service was made by delivery of process to the Secretary of State rather than by personal delivery (*see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., supra* at 142). Furthermore, the proof the defendant submitted in support of its motion sufficiently demonstrated that it did not receive actual notice of the commencement of the action in time to defend and that it did not deliberately attempt to avoid service (*see Brockington v Brookfield Dev. Corp.*, 308 AD2d 498 [2003]; *Samet v Bedford Flushing Holding Corp.*, 299 AD2d 404, 405 [2002]). Finally, the affidavits of the defendant's president, managing agent, and superintendent at the relevant time alleged facts sufficient to satisfy the defendant's burden of demonstrating the existence of a potentially meritorious defense (*see Marinoff v Natty Realty Corp.*, 17 AD3d 412, 413 [2005]; *Brockington v Brookfield Dev. Corp.*, 308 AD2d 498, 499 [2003]). Under these circumstances, the defendant was entitled to relief pursuant to CPLR 317. Prudenti, P.J., Mastro, Spolzino and Dillon, JJ., concur.