■ HAMIDA FATIMA et al., Appellants, v TWENTY SEVEN-TWENTY FOUR REALTY CORP., Respondent. [861 NYS2d 768]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Cullen, J.), dated August 21, 2007, which granted the defendant's motion to vacate a judgment of the same court entered October 12, 2006, in favor of the plaintiffs and against it in the principal sum of $1,025,000, upon its default in answering the complaint.

Ordered that the order is affirmed, with costs.

While the defendant's failure to keep a current address on file with the Secretary of State did not constitute a reasonable excuse to vacate its default under CPLR 5015 (a) (1) (*see Franklin v 172 Aububon Corp.*, 32 AD3d 454 [2006]; *Santiago v Sansue Realty Corp.*, 243 AD2d 622, 623 [1997]; *Conte Cadillac v C.A.R.S. Purch. Serv.*, 126 AD2d 621, 622 [1987]), it was still entitled to vacatur of the judgment pursuant to CPLR 317. That statute permits a defendant who has been "served with a summons other than by personal delivery" to seek relief from a default upon a showing that it did not receive notice of the summons in time to defend and has a meritorious defense (CPLR 317; *see Taieb v Hilton Hotels Corp.*, 60 NY2d 725 [1983]; *Franklin v 172 Aububon Corp.*, 32 AD3d 454 [2006]; *Brockington v Brookfield Dev. Corp.*, 308 AD2d 498 [2003]; *Samet v Bedford*

*Flushing Holding Corp.*, 299 AD2d 404, 405 [2002]). The affidavit of the defendant's president set forth sufficient facts to warrant relief from its default under CPLR 317. Fisher, J.P., Florio, Angiolillo, Dickerson and Belen, JJ., concur.