■ SHERIN BARRENO, Appellant, v S.K. FOODS CORP., Respondent. [864 NYS2d 314]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Rosengarten, J.), dated October 3, 2007, which granted the defendant's motion to vacate a judgment of the same court entered September 29, 2006, which, upon the defendant's default in answering the complaint, and following an inquest on the issue of damages, was in favor of the plaintiff and against it in the principal sum of $406,000.

Ordered that the order is affirmed, with costs.

The court did not improvidently exercise its discretion in granting the defendant's motion to vacate its default in answering or appearing. Pursuant to CPLR 317, when a defendant is served with a summons other than by personal delivery and a judgment is thereafter entered upon the defendant's default, the court may vacate the default within one year after the defendant obtains knowledge of the entry of the judgment if the court finds that the defendant did not receive notice of the summons in time to defend and has a meritorious defense (*see Taieb v Hilton Hotels Corp.*, 60 NY2d 725, 728 [1983]; *Franklin v 172 Aububon Corp.*, 32 AD3d 454, 454-455 [2006]; *Brockington v Brookfield Dev. Corp.*, 308 AD2d 498 [2003]; *Samet v Bedford Flushing Holding Corp.*, 299 AD2d 404, 405 [2002]). The affidavit of the defendant's president set forth sufficient facts to warrant relief under CPLR 317. Fisher, J.P., Lifson, Covello, Balkin and Belen, JJ., concur.