In an action to recover damages for employment discrimination on the basis of race and national origin, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Jones, J.), dated November 26, 2007, which granted the defendant’s motion to vacate a judgment of the same court entered April 20, 2007, upon the defendant’s default in answering the complaint, in favor of her and against the defendant in the principal sum of $131,955.51.
Ordered that the order is affirmed, with costs.
While the defendant’s failure to keep a current address on file with the Secretary of State did not constitute a reasonable excuse to vacate its default under CPLR 5015 (a) (1) (see Franklin v 172 Aububon Corp., 32 AD3d 454 [2006]), nonetheless the defendant was entitled to vacatur of the judgment pursuant to CPLR 317 (see Fatima v Twenty Seven-Twenty Four Realty Corp., 53 AD3d 564 [2008]). CPLR 317 permits a defendant who has been “served with a summons other than by personal delivery” to seek relief from a default upon a showing that it did not receive notice of the summons in time to defend and that it has a meritorious defense (CPLR 317; see Taieb v Hilton Hotels Corp., 60 NY2d 725 [1983]; Franklin v 172 Aububon Corp., 32 AD3d 454 [2006]; Brockington v Brookfield Dev. Corp., 308 AD2d 498 [2003]; Samet v Bedford Flushing Holding Corp., 299 AD2d 404, 405 [2002]). Here, the defendant submitted the affidavit of its Director of Human Resources *645 which set forth sufficient facts to warrant relief from its default under CPLR 317. Rivera, J.P, Florio, Angiolillo, McCarthy and Chambers, JJ., concur.