■ MARIANNE WALKER, Respondent, v HECTOR REYES, Appellant. [872 NYS2d 205]—

In an action to recover damages for wrongful death, the defendant appeals from an order of the Supreme Court, Rockland County (Garvey, J.), dated June 16, 2008, which denied his motion pursuant to CPLR 3211 (a) (8) to dismiss the action for lack of personal jurisdiction.

Ordered that the order is affirmed, with costs.

In support of his motion pursuant to CPLR 3211 (a) (8), the defendant argued that the Supreme Court lacked jurisdiction over his person because, even though the summons was delivered to his former residence in New York, he had moved to California prior to the commencement of the action and was no longer a resident of New York. In opposition, the plaintiff presented an affidavit of service attesting that the defendant was served pursuant to CPLR 308 (2) by delivering the summons to a person of suitable age and discretion at his former New York

residence and by mailing the summons to the same address, which address the defendant allegedly had provided to the police at the time of the accident. In an affirmation in further support of the defendant's motion, the defendant's attorney admitted that the defendant provided the New York address to the police at the time of the accident and failed to notify the Commissioner of Motor Vehicles (hereinafter the Commissioner) of his change of residence. The defendant's attorney argued, however, that the defendant was not required to notify the Commissioner of his change of residence because he had moved out of the State of New York.

Vehicle and Traffic Law § 505 (5) requires that every motor vehicle licensee notify the Commissioner of any change of residence within 10 days after the occurrence of the change. A party who fails to comply with this provision is estopped from challenging the propriety of service made to the former address (*see Candela v Johnson,* 48 AD3d 502, 503 [2008]; *McCleaver v VanFossen,* 276 AD2d 603, 604 [2000]; *Pumarejo-Garcia v McDonough,* 242 AD2d 374 [1997]). Defense counsel's uncontroverted admissions (*see Kuehne & Nagel v Baiden,* 36 NY2d 539, 544 [1975]; *DiCamillo v City of New York,* 245 AD2d 332, 333 [1997]) established that the defendant was served at the New York address which he provided to the police at the time of the accident and that, after the accident, he moved to the State of California without giving notice of his change of residence to the Commissioner (*see* Vehicle and Traffic Law § 505 [5]). The defendant is, therefore, estopped from contesting the validity of service at his former address (*see Velasquez v Gallelli,* 44 AD3d 934, 935 [2007]; *McCleaver v VanFossen,* 276 AD2d at 604). Fisher, J.P., Covello, Balkin and Belen, JJ., concur.