■ JOSE I. GONZALEZ, Appellant, v CITY OF NEW YORK et al., Respondents. [883 NYS2d 599]—

In an action, inter alia, to recover damages for assault and deprivation of civil rights pursuant to 42 USC § 1983, the plaintiff appeals from an order of the Supreme Court, Queens County (Flug, J.), dated November 5, 2008, which granted the defendants' motion for leave to renew the plaintiff's prior motion for leave to enter a default judgment against the defendant Miguel Carvajal upon that defendant's failure to appear or answer and for leave to renew the defendants' prior cross motion to vacate the default of the defendant Miguel Carvajal and to compel the plaintiff to accept their amended answer, which had been determined in an order of the same court dated May 9, 2008, and, upon renewal, denied the prior motion and granted the prior cross motion.

Ordered that the order dated November 5, 2008 is affirmed, with costs.

The defendants proffered a reasonable justification for the failure to present the affidavit of the defendant Miguel Carvajal in opposition to the plaintiff's prior motion for leave to enter a default judgment against Carvajal and in support of their prior cross motion, inter alia, to vacate Carvajal's default in appearing in the action or answering the complaint based on the Corporation Counsel's delay in obtaining an affidavit from Carvajal (*see* CPLR 2221 [e] [2], [3]; *Simpson v Tommy Hilfiger U.S.A., Inc.,* 48 AD3d 389, 392 [2008]; *Miller v Duffy,* 162 AD2d 438, 439-440 [1990]; *Matter of Mangialino v White Haven Mem. Park,* 132 AD2d 970, 971 [1987]).

Service upon Carvajal was made, inter alia, by delivery of the summons and complaint to a coworker at Carvajal's actual place of business and by mailing the summons to him at his actual place of business pursuant to CPLR 308 (2) (*see Anderson v GHI Auto Serv., Inc.*, 45 AD3d 512, 513 [2007]). Although the defendants' cross motion was made pursuant to CPLR 5015 (a) (1), under the circumstances of this case, it may also be treated as a motion made pursuant to CPLR 317 (*see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 142-143 [1986]; *Hospital for Joint Diseases v Lincoln Gen. Ins. Co.*, 55 AD3d 543, 544 [2008]; *Mann-Tell Realty Corp. v Cappadora Realty Corp.*, 184 AD2d 497, 498 [1992]). Upon renewal, the defendants established that Carvajal did not receive actual notice of the summons in time to defend, he did not deliberately attempt to avoid service, and he has a meritorious defense to the action (*see* CPLR 317; *Taieb v Hilton Hotels Corp.*, 60 NY2d 725, 727 [1983]; *Franklin v 172 Aububon Corp.*, 32 AD3d 454 [2006]; *Brockington v Brookfield Dev. Corp.*, 308 AD2d 498 [2003]; *Samet v Bedford Flushing Holding Corp.*, 299 AD2d 404, 405 [2002]). Accordingly, upon renewal, the plaintiff's prior motion for leave to enter a default judgment against Carvajal was properly denied and the defendants' prior cross motion to vacate Carvajal's default and to compel the plaintiff to accept the amended answer was properly granted. Skelos, J.P., Florio, Balkin, Belen and Austin, JJ., concur.