■ SHELDON WAUCHOPE, Appellant, v DEXTER WILLIAMS, Respondent. [895 NYS2d 858]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Spodek, J.), dated July 23, 2009, which granted the defendant's motion pursuant to CPLR 5015 (a) (1) to vacate a clerk's judgment of the same court entered July 7, 2008, which, upon an order dated March 3, 2008, granting the plaintiff's unopposed motion for leave to enter judgment on the issue of liability upon the defendant's default in appearing or answering the complaint, and, after an inquest on the issue of damages, was in favor of the plaintiff and against him in the principal sum of $50,000.

Ordered that the order dated July 23, 2009, is reversed, on the law, with costs, the defendant's motion pursuant to CPLR 5015 (a) (1) to vacate the judgment is denied, and the judgment entered July 7, 2008, is reinstated.

A party seeking to vacate a default judgment pursuant to CPLR 5015 (a) (1) must demonstrate both a reasonable excuse for the default and the existence of a meritorious defense (*see Velasquez v Gallelli*, 44 AD3d 934, 935 [2007]; *Choudhry v Edward*, 300 AD2d 529 [2002]). Here, the defendant attempted to excuse his default by asserting that he was served with the summons and complaint at an address where he no longer resided. However, the defendant is estopped from challenging the propriety of service, as he did not notify the Commissioner of the Department of Motor Vehicles of his change in address, which allegedly occurred three years prior to the subject accident, in violation of Vehicle and Traffic Law § 505 (5) (*see Walker v Reyes*, 59 AD3d 436 [2009]; *Velasquez v Gallelli*, 44 AD3d at 935). Further, the defendant affirmatively misrepresented to the police and the plaintiff that the address on his driver's license was correct (*see Kramer v Ryder Truck Rental*, 112 AD2d 194, 196 [1985]). Since the defendant failed to demonstrate a reasonable excuse for his default, his motion to vacate the judgment pursuant to CPLR 5015 (a) (1) should have been denied.

Although the defendant's motion was made solely pursuant to CPLR 5015 (a) (1), the motion may be treated also as one made pursuant to CPLR 317 (*see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 142-143 [1986]; *Gonzalez v City of New York*, 65 AD3d 569, 570 [2009]; *Mann-Tell Realty Corp. v Cappadora Realty Corp.*, 184 AD2d 497 [1992]). Nevertheless, the defendant's affirmative misrepresentation as to his correct address at the time of the accident precludes relief under this section (*see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67

NY2d at 143). Accordingly, the Supreme Court erred in granting the defendant's motion to vacate the judgment.

The defendant's remaining contention is without merit. Skelos, J.P., Covello, Eng, Chambers and Sgroi, JJ., concur.