■ MORRISON COHEN, LLP, Appellant-Respondent, v DAVID FINK, Respondent-Appellant. [938 NYS2d 309]—

Plaintiff is correct that the conditional vacatur order was based solely on CPLR 317 grounds. Thus, this Court's conclusion, in its February 2011 order (*Morrison Cohen LLP v Fink*, 81 AD3d 467 [2011]), that defendant failed to demonstrate a CPLR 317 claim for vacatur became law of the case, as "[a]n appellate court's resolution of an issue on a prior appeal constitutes the law of the case and is binding on the Supreme Court, as well as on the appellate court . . . [and] operates to foreclose re-examination of [the] question absent a showing of subsequent evidence or change of law" (*Kenney v City of New York*, 74 AD3d 630, 630-631 [2010] [internal quotation marks and citations omitted]). Accordingly, Supreme Court's December 7, 2010 conditional vacatur order was nullified, and the subsequent Supreme Court order on April 8, 2011 and the order appealed from—effectively reinstating the December 2010 vacatur—contravened the law of the case.

Defendant's argument, that the order appealed from was also an exercise of the motion court's discretion based on CPLR 5015 (a) (1) (excusable default) and the court's inherent authority (*see Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 68 [2003]), is equally unavailing. Even if we assume that, in the order appealed from, the court held that vacatur was required based on CPLR 5015 (a) (1), such holding would itself violate the law of the case, as, in its December 7, 2010 order, the court implicitly, if not explicitly, rejected defendant's CPLR 5015 arguments based on lack of proper service, and that order was affirmed by this Court.

We have reviewed the parties' remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Saxe, Moskowitz, Freedman and Manzanet-Daniels, JJ.