■ SEAN A. PIMENTO et al., Appellants, v STEPHANIE ROJAS, Respondent. [941 NYS2d 517]—In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the

Supreme Court, Queens County (McDonald, J.), entered September 27, 2011, which granted the defendant's motion to vacate an order of the same court dated April 25, 2011, granting the plaintiffs' unopposed motion for leave to enter a default judgment upon her failure to appear or answer the complaint, and directing an inquest on damages.

Ordered that the order is affirmed, with costs.

A defendant seeking to vacate a default must demonstrate both a reasonable excuse for the default and a meritorious defense (*see Assael v 15 Broad St., LLC*, 71 AD3d 802 [2010]; *Abdul v Hirschfield*, 71 AD3d 707 [2010]; *Canty v Gregory*, 37 AD3d 508 [2007]). The determination of what is a reasonable excuse is generally left to the sound discretion of the Supreme Court (*see Hageman v Home Depot U.S.A., Inc.*, 25 AD3d 760 [2006]; *Ruppell v Hair Plus Beauty*, 288 AD2d 205 [2001]). Here, the Supreme Court did not improvidently exercise its discretion in finding that the defendant had failed to present a reasonable excuse sufficient to warrant vacating her default under CPLR 5015 (a) (1).

However, the Supreme Court also did not improvidently exercise its discretion in vacating the defendant's default pursuant to CPLR 317. That statutory provision permits a defendant who has been "served with a summons other than by personal delivery" to seek relief from a default upon a showing that it did not receive notice of the summons in time to defend and has a meritorious defense (CPLR 317; *see Taieb v Hilton Hotels Corp.*, 60 NY2d 725, 728 [1983]; *Franklin v 172 Aububon Corp.*, 32 AD3d 454, 455 [2006]; *Brockington v Brookfield Dev. Corp.*, 308 AD2d 498 [2003]; *Samet v Bedford Flushing Holding Corp.*, 299 AD2d 404, 405 [2002]). The affidavits submitted by the defendant herein set forth sufficient facts to warrant relief from her default under CPLR 317. Rivera, J.P., Eng, Chambers, Sgroi and Miller, JJ., concur.