■ BRICKHOUSE MASONRY, LLC, Respondent, v WINDWARD BUILDERS, INC., et al., Defendants, and NORTH HAVEN EQUITIES, LLC, Appellant. [956 NYS2d 175]—

Although that branch of the appellant's motion which was to vacate the default judgment was made pursuant to CPLR 5015 (a) (1), under the circumstances of this case, it may also be treated as a motion made pursuant to CPLR 317 (*see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 142 [1986]; *Fleisher v Kaba*, 78 AD3d 1118, 1119 [2010]; *Gonzalez v City of New York*, 65 AD3d 569, 570 [2009]; *Hospital for Joint Diseases v Lincoln Gen. Ins. Co.*, 55 AD3d 543, 544 [2008]). The appellant, which was served by delivery of process to the Secretary of State, demonstrated that it did not receive personal notice of the summons and complaint in time to defend (*see Calderon v 163 Ocean Tenants Corp.*, 27 AD3d 410, 411 [2006]; *Brockington v Brookfield Dev. Corp.*, 308 AD2d 498 [2003]; *Ford v 536 E. 5th St. Equities*, 304 AD2d 615 [2003]). Furthermore, there is no basis to conclude that the appellant deliberately attempted to avoid notice of the action, especially since the plaintiff was aware of the appellant's address (*see Tselikman v Marvin Ct., Inc.*, 33 AD3d 908, 909 [2006]; *Hon-Kuen Lo v Gong Park Realty Corp.*, 16 AD3d 553 [2005]; *Trujillo v ATA Hous. Corp.*, 281 AD2d 538, 539 [2001]). Indeed, the plaintiff had mailed a notice of mechanic's lien to the appellant's address prior to the commencement of this action (*see Celifarco v Command Bus Co.*, 107 AD2d 785, 786 [1985]). Moreover, the proof submitted by the appellant was sufficient to demonstrate a potentially meritorious defense (*see* CPLR 317; *Georgia Malone & Co., Inc. v Rieder*, 19 NY3d 511, 518 [2012]; *Sperry v Crompton Corp.*, 8 NY3d 204, 215 [2007]; *Port Chester Elec. Constr. Corp. v Atlas*, 40 NY2d 652, 655-656 [1976]).

Accordingly, the Supreme Court should have granted that branch of the appellant's motion which was to vacate the judgment entered upon its default in appearing or answering the complaint. Angiolillo, J.P., Balkin, Austin and Miller, JJ., concur.