■ Zoraida Martinez, Appellant, v Charles Nguyen, D.P.M., et al., Defendants, and Union Community Health Center, Inc., et al., Respondents. [959 NYS2d 29]—

Order, Supreme Court, Bronx County (Sharon A.M. Aarons, J.), entered September 29, 2011, which, in this medical malpractice action, granted defendants-respondents' motion to vacate the default judgment entered against defendant Charles Nguyen, and granted their motion to dismiss the claims and cross claims against Nguyen for lack of personal jurisdiction, unanimously affirmed, without costs. Order, same court (Stanley Green, J.), entered on or about March 23, 2012, which denied plaintiff's motion for a default judgment against Nguyen, unanimously affirmed, without costs.

The court (Aarons, J.) properly vacated the default judgment

against Nguyen for lack of personal jurisdiction (*see* CPLR 5015 [a] [4]). The law of the case doctrine does not preclude vacatur in this case, as a court never found that service upon Nguyen was properly effectuated (*cf. Morrison Cohen, LLP v Fink*, 92 AD3d 514, 515 [1st Dept 2012], *lv dismissed* 19 NY3d 1017 [2012]).

Defendants have standing to seek vacatur, as they are "interested persons" within the meaning of CPLR 5015 (a). Indeed, defendants, as Nguyen's former employers, could be held vicariously liable for Nguyen's alleged medical malpractice. Accordingly, a "legitimate interest" of defendants will be served by obtaining vacatur (*Oppenheimer v Westcott*, 47 NY2d 595, 602 [1979] [internal quotation marks omitted]; *see also Nachman v Nachman*, 274 AD2d 313, 315 [1st Dept 2000]).

Defendants are not required to establish a reasonable excuse or a meritorious defense in order to obtain vacatur on the ground of lack of personal jurisdiction (*see Deutsche Bank Natl. Trust Co. v Pestano*, 71 AD3d 1074, 1075 [2d Dept 2010]).

The court (Green, J.) properly denied plaintiff's motion for a default judgment against Nguyen, as plaintiff served Nguyen well beyond the 120-day period set forth in CPLR 306-b. Moreover, plaintiff never moved for an extension of time to serve Nguyen. Rather, plaintiff improperly asked for that relief for the first time in her reply papers (*see Singh v Empire Intl., Ltd.*, 95 AD3d 793 [1st Dept 2012]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Friedman, J.P., Renwick, Manzanet-Daniels, Román and Clark, JJ.