OPINION OF THE COURT
Memorandum.
Ordered that the order is reversed, without costs, defendant’s motion to vacate the default judgments is denied, and the judgments are reinstated.
In this action to recover for personal injuries and property damage sustained as a result of a June 15, 2008 motor vehicle accident, defendant moved to vacate two default judgments which had been entered against him. The affidavit of the process server stated that, after three attempts at service on defendant at his dwelling place, defendant had been served in February 2010 by means of affixing the summons and endorsed complaint to the door of defendant’s dwelling house, followed by mailing of the summons and endorsed complaint to the same address (CPLR 308 [4]). Defendant defaulted in answering, and an inquest was held. Thereafter, defendant’s attorneys attempted to serve an answer with affirmative defenses. Plaintiffs’ attorney rejected the answer as untimely. Subsequently, a separate judgment was entered on behalf of each plaintiff, in the sum of $25,000 each.
Within a month following the entry of the judgments, defendant moved to vacate them pursuant to CPLR 5015. In support of his motion, defendant stated that, although he had previously *7 resided at the address at which he had been served, he had vacated that address in mid-2007, approximately one year prior to the accident date and 2V2 years prior to the service date. Defendant also contended that he had a meritorious defense because, based on the circumstances of the accident and its aftermath, he believed that plaintiffs had not incurred “serious injuries” as defined in Insurance Law § 5102 (d). In support of this claim, defendant provided a copy of the police report for the underlying accident, and stated that the accident had been minor, no ambulances had been called, and all the parties to the accident, including plaintiffs herein, had driven away. Additionally, defendant submitted an affidavit by his insurance adjuster, who documented her claim that, following the underlying accident, defendant’s insurer had been contacted by an attorney other than the one who represents plaintiffs in this action, that that attorney had claimed to represent plaintiffs, and that defendant’s insurer had been actively engaged in negotiations with the first attorney and thus had, in effect, been lulled into believing that it was properly representing defendant’s interests, while meanwhile, employing other counsel, plaintiffs had commenced this action against defendant without advising defendant’s insurer thereof.
In their opposition to defendant’s motion, plaintiffs disputed none of defendant’s factual allegations, but instead submitted evidence indicating that defendant had been served at the address on file with the New York State Commissioner of Motor Vehicles. Plaintiffs argued that, even if defendant had moved prior to the service date and had not received notice of the action prior to the entry of judgment, since he had failed to notify the Commissioner of Motor Vehicles of his change of address, he was estopped from disputing the validity of service or of the judgments obtained against him. In its decision vacating the default judgments, the Civil Court expressed doubt that plaintiffs’ process server had done sufficient “due diligence” to effect personal service before serving by the “affix and mail” method, and referred to the strong public policy in favor of resolving cases on the merits. This appeal ensued.
Vehicle and Traffic Law § 505 (5) requires drivers licensed by the State of New York to advise the Commissioner of the Department of Motor Vehicles of a change of address within 10 days after such change occurs and to make a notation of such change of residence on their licenses. It was uncontested that defendant had failed to comply with this requirement. Thus, defend *8 ant was estopped from challenging jurisdiction based on improper service pursuant to CPLR 5015 (a) (4) (Kalamadeen v Singh, 63 AD 3d 1007, 1009 [2009]; accord Wauchope v Williams, 71 AD3d 876, 877 [2010]; see also Campoverde v Parejas, 95 AD3d 1251 [2012]). Similarly, defendant was not entitled to vacatur of the default judgments on the ground of excusable default under CPLR 5015 (a) (1) (Kalamadeen v Singh, 63 AD3d at 1008-1009).
Although defendant moved for relief from the default judgments only under CPLR 5015, the Civil Court could also, properly, have considered the availability of relief under CPLR 317 (Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 143 [1986]). However, since, in his moving papers, defendant failed to meet his burden of demonstrating that he had not received actual notice of the summons in time to defend (e.g. Jackson v Professional Transp. Corp., 81 AD3d 602, 603 [2011]; Gartner v Unified Windows, Doors & Siding, Inc., 71 AD3d 631, 632 [2010]), he was not entitled to relief from the default judgments under CPLR 317.
We therefore conclude that the Civil Court’s vacatur of the default judgments constituted an improvident exercise of discretion. Accordingly, the order is reversed, defendant’s motion to vacate the default judgments is denied, and the judgments are reinstated.
Pesce, PJ., Rios and Solomon, JJ., concur.