In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Taylor, J.), dated April 17, 2013, as, upon reargument, in effect, vacated the determination in an order of the same court dated October 26, 2012, denying that branch of the defendant’s prior motion which was pursuant to CFLR 317 to vacate a judgment of the same court entered June 5, 2012, upon the defendant’s failure to appear or answer the complaint, and thereupon granted that branch of the defendant’s prior motion.
Ordered that the order dated April 17, 2013, is affirmed insofar as appealed from, with costs.
*847 Contrary to the plaintiffs contentions, the Supreme Court did not improvidently exercise its discretion in vacating the defendant’s default pursuant to CPLR 317. That statutory provision permits a defendant who has been “served with a summons other than by personal delivery” to seek relief from a default upon a showing that it did not receive notice of the summons in time to defend and has a potentially meritorious defense (CPLR 317; see Taieb v Hilton Hotels Corp., 60 NY2d 725 [1983]; Franklin v 172 Aububon Corp., 32 AD3d 454 [2006]; Brockington v Brookfield Dev. Corp., 308 AD2d 498 [2003]; Samet v Bedford Flushing Holding Corp., 299 AD2d 404, 405 [2002]). The affidavits submitted by the defendant in support of its motion set forth sufficient facts to warrant relief from its default under CPLR 317. Skelos, J.E, Lott, Roman and Miller, JJ., concur.