■ CRAIG BLAZO, Appellant, v WYCKOFF HEIGHTS MEDICAL CENTER et al., Defendants, and WYCKOFF ANESTHESIA SERVICES, P.C., Respondent. [4 NYS3d 99]—

In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Steinhardt, J.), dated March 21, 2013, which granted the motion of the defendant Wyckoff Anesthesia Services, P.C., to vacate an order of the same court dated February 18, 2011, granting the plaintiff's unopposed motion for leave to enter a default judgment against it upon its failure to appear or answer the complaint.

Ordered that the order is affirmed, with costs to the respondent.

A defendant seeking to vacate a default must demonstrate both a reasonable excuse for the default and a potentially meritorious defense (*see Pimento v Rojas*, 94 AD3d 844, 845 [2012]; *Bank of N.Y. Mellon v Izmirligil*, 88 AD3d 930, 931 [2011]; *Wells Fargo Bank, N.A. v Cervini*, 84 AD3d 789 [2011]). The determination of what constitutes a reasonable excuse is generally left to the sound discretion of the Supreme Court (*see*

*Apladenaki v Greenpoint Mtge. Funding, Inc.*, 117 AD3d 975, 976 [2014]; *Pimento v Rojas*, 94 AD3d at 845; *Bank of N.Y. Mellon v Izmirligil*, 88 AD3d at 931). Here, the Supreme Court did not improvidently exercise its discretion in finding that the defendant Wyckoff Anesthesia Services, P.C. (hereinafter Wyckoff Anesthesia) presented a reasonable excuse sufficient to warrant vacating its default (*see generally Apladenaki v Greenpoint Mtge. Funding, Inc.*, 117 AD3d at 976; *see also Palmer v Aliberti*, 281 AD2d 156 [2001]; *cf. Wells Fargo Bank, N.A. v Cervini*, 84 AD3d at 790; *Campbell v Ghafoor*, 8 AD3d 316, 317 [2004]). Further, Wyckoff Anesthesia established the existence of a potentially meritorious defense to the action. Moreover, there was no showing by the plaintiff that Wyckoff Anesthesia's failure to appear was willful, or that the plaintiff was significantly prejudiced by the default (*see Apladenaki v Greenpoint Mtge. Funding, Inc.*, 117 AD3d at 976).

Wyckoff Anesthesia's remaining contention need not be reached in light of our determination.

We decline the request of Wyckoff Anesthesia and the defendant Wyckoff Heights Medical Center for the imposition of a sanction against the plaintiff for pursuing a frivolous appeal (*see* Rules of Chief Admin of Cts [22 NYCRR] § 130-1.1 [c]). Balkin, J.P., Chambers, Hinds-Radix and Maltese, JJ., concur.