Singh v Sukhu (2020 NY Slip Op 01106)





Singh v Sukhu


2020 NY Slip Op 01106


Decided on February 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
HECTOR D. LASALLE
BETSY BARROS, JJ.


2018-09210
2019-02698
 (Index No. 23947/12)

[*1]Nazela Singh, plaintiff-respondent, 
v
Mohabir Sukhu, et al., defendants-respondents, et al., defendants, Jamaica Hospital Medical Center, et al., appellants.


Martin Clearwater & Bell LLP, East Meadow, NY (Gregory A. Cascino, Kenneth R. Larywon, and Edwin E. Kwon of counsel), for appellants.
Goidel & Siegel, LLP, New York, NY (Jonathan M. Goidel and Farimah S. Ghaffari of counsel), for plaintiff-respondent.
Picciano & Scahill, P.C., Bethpage, NY (Andrea E. Ferrucci and Gerard Ferrara of counsel), for defendants-respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, (1) the defendant Jamaica Hospital Medical Center appeals from an order of the Supreme Court, Queens County (Allan B. Weiss, J.), entered June 6, 2018, and (2) the defendants Jamaica Hospital Medical Center and Natalie Hubbard appeal from an order of the same court dated January 31, 2019. The order entered June 6, 2018, insofar as appealed from, granted the plaintiff's cross motion for leave to enter a default judgment against the defendant Natalie Hubbard. The order dated January 31, 2019, denied that branch of the motion of the defendants Jamaica Hospital Medical Center and Natalie Hubbard which was pursuant to CPLR 5015(a)(1) to vacate so much of the order entered June 6, 2018, as granted the plaintiff's cross motion for leave to enter a default judgment against the defendant Natalie Hubbard and denied, as academic, those branches of their motion which were to compel the plaintiff and the codefendants to accept the defendant Natalie Hubbard's late answer, to deem her answer timely filed nunc pro tunc, and pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her as time-barred.
ORDERED that the appeal from the order entered June 6, 2018, is dismissed as academic in light of our determination on the appeal from the order dated January 31, 2019; and it is further,
ORDERED that the order dated January 31, 2019, is reversed, on the law, on the facts, and in the exercise of discretion, that branch of the motion of the defendants Jamaica Hospital Medical Center and Natalie Hubbard which was to vacate so much of the order entered June 6, 2018, as granted the plaintiff's cross motion for leave to enter a default judgment against the defendant Natalie Hubbard is granted, so much of the order entered June 6, 2018, as granted the plaintiff's cross motion is vacated, and the matter is remitted to the Supreme Court, Queens County, for a determination of those branches of the motion of the defendants Jamaica Hospital Medical Center [*2]and Natalie Hubbard which were to compel the plaintiff and the codefendants to accept the defendant Natalie Hubbard's late answer, to deem her answer timely filed nunc pro tunc, and pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her as time-barred; and it is further,
ORDERED that one bill of costs is awarded to the appellants, payable by the respondents appearing separately and filing separate briefs.
On November 4, 2012, the plaintiff, while standing on a sidewalk in Queens, was seriously injured when she was struck by a vehicle, resulting in bilateral leg amputations. In December 2012, the plaintiff commenced this action. In March 2017, upon leave of the court, the plaintiff amended the complaint adding Jamaica Hospital Medical Center (hereinafter JHMC), Natalie Hubbard, and Bevendra Brahmbhatt, as defendants, and adding causes of action for medical malpractice against the newly added defendants. Proper service was made upon all the newly added defendants. Brahmbhatt subsequently moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him, and JHMC separately moved, inter alia, to dismiss the causes of action alleging medical malpractice "as to all of the newly added medical malpractice defendants." Thus, Hubbard did not separately interpose an answer or formally appear within the required time period (see CPLR 320).
In an order entered December 19, 2017, the Supreme Court directed dismissal of the complaint insofar as asserted against JHMC and Brahmbhatt. Thereafter, JHMC moved for leave to reargue, in effect, that branch of its motion which was to dismiss the complaint insofar as asserted against Hubbard, and the plaintiff cross-moved pursuant to CPLR 3215 for leave to enter a default judgment against Hubbard. In an order entered June 6, 2018, the Supreme Court denied JHMC's motion for leave to reargue and granted the plaintiff's cross motion for leave to enter a default judgment against Hubbard. JHMC appeals from so much of the order as granted the plaintiff's cross motion.
JHMC and Hubbard moved to vacate so much of the June 6, 2018, order as granted the plaintiff's cross motion for leave to enter a default judgment against Hubbard based on excusable default (see CPLR 5015[a][1]), to compel the plaintiff and the codefendants to accept Hubbard's answer, to deem Hubbard's answer timely filed nunc pro tunc, and pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against Hubbard as time-barred.
In an order dated January 31, 2019, the Supreme Court denied that branch of the motion which was to vacate Hubbard's default and denied the remaining branches of the motion as academic. JHMC and Hubbard appeal.
As a threshold matter, it is undisputed that at the time of the alleged malpractice, Hubbard was employed by JHMC and that it could be held vicariously liable for any malpractice committed by Hubbard (see Bing v Thunig, 2 NY2d 656). Thus, JHMC had standing to seek vacatur of the order entered June 6, 2018, as it is an "interested person" within the meaning of CPLR 5015(a) (see Oppenheimer v Westcott, 47 NY2d 595, 602; Martinez v Nguyen, 102 AD3d 555, 556).
A defendant seeking to vacate a default in answering or appearing upon the ground of excusable default pursuant to CPLR 5015(a)(1) must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the action (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141; HSBC Bank USA, N.A. v Smart, 155 AD3d 843, 843). "The determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court" (Deutsche Bank Natl. Trust Co. v Saketos, 158 AD3d 610, 612 [internal quotation marks omitted]; see Blazo v Wyckoff Hgts. Med. Ctr., 125 AD3d 705). " Whether there is a reasonable excuse for a default is a discretionary, sui generis determination to be made by the court based on all relevant factors, including the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits'" (Rekhtman v Clarendon Holding Co., Inc., 165 AD3d 856, 857-858, quoting Harcztark v Drive Variety, Inc., 21 AD3d 876, 876-877).
In support of their motion to vacate so much of the order entered June 6, 2018, as granted the plaintiff's cross motion for leave to enter a default judgment against Hubbard, Hubbard submitted a detailed affidavit. She stated that in 2017, she had been informed by her then-employer of the instant action. Thereafter, she contacted JHMC's Risk Management Department, which informed her that they were aware of the action, that the statute of limitations had expired, and that a motion to dismiss was going to be made on her behalf. Thus, Hubbard understood that there was nothing further for her to do at that time. She also stated that she had no intention of abandoning the defense of the action or causing any delay.
Hubbard's affidavit presented a reasonable excuse sufficient to warrant vacating her default (see Rodie v Sahai, 175 AD3d 1449; Blazo v Wyckoff Hgts. Med. Ctr., 125 AD3d 705). Hubbard's affidavit was corroborated by JHMC's initial motion which sought to dismiss "all" medical malpractice claims, and by JHMC's motion for leave to reargue on Hubbard's specific behalf. Furthermore, Hubbard established the existence of a potentially meritorious defense to the action, i.e., the statute of limitations (see Blazo v Wyckoff Hgts. Med. Ctr., 125 AD3d at 706).
Accordingly, the Supreme Court should have granted that branch of the motion of JHMC and Hubbard which was to vacate so much of the order entered June 6, 2018, as granted the plaintiff's cross motion for leave to enter a default judgment against Hubbard.
Since the Supreme Court denied the remaining branches of the motion of JHMC and Hubbard as academic, we remit the matter to the Supreme Court, Queens County, for a determination on the merits of those branches of the motion of JHMC and Hubbard which were to compel the plaintiff and the codefendants to accept Hubbard's late answer, to deem the answer timely filed nunc pro tunc, and pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against Hubbard as time-barred.
DILLON, J.P., BALKIN, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court