Matter of New York Civ. Liberties Union v New York State Off. of Ct. Admin. (2024 NY Slip Op 05063)

Matter of New York Civ. Liberties Union v New York State Off. of Ct. Admin.

2024 NY Slip Op 05063

Decided on October 15, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 15, 2024

Before: Webber, J.P., Kapnick, Kennedy, Scarpulla, Shulman, JJ. 

Index No. 154792/22 Appeal No. 2832 Case No. 2023-06069 

[*1]In the Matter of New York Civil Liberties Union, Petitioner/Plaintiff-Appellant,
v
New York State Office of Court Administration, Respondent/Defendant-Respondent, Chief Administrative Judge Lawrence K. Marks, etc., Respondent/Defendant.

New York Civil Liberties Union Foundation, New York (Daniel R. Lambright of counsel), for appellant.
David Nocenti, Office of Court Administration, New York (Robyn L. Rothman of counsel), for respondent.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered on or about October 16, 2023, which denied a motion by petitioner New York Civil Liberties Union (NYCLU) to compel discovery on its declaratory judgment claims, unanimously reversed, on the law, without costs, the notice of petition converted into a summons, and the matter remanded for further proceedings consistent with this decision.
In this hybrid article 78 proceeding and declaratory judgment action arising from a request for records under the Freedom of Information Law (FOIL), Supreme Court erred in denying petitioner's motion (CPLR 103[c]). Initially, NYCLU properly filed a notice of petition and petition/complaint, thus Supreme Court had subject matter jurisdiction over NYCLU's declaratory judgment action despite its failure to file and serve a summons (see CPLR 304[a]). As NYCLU's timely notice of petition and petition/complaint sufficed to give notice of an intention to commence the declaratory judgment action, Supreme Court should have converted the notice of petition into a summons to permit review of NYCLU's declaratory judgment claims on the merits (see CPLR 103[c]; Matter of Greenberg [Ryder Truck Rental], 110 AD2d 585, 586 [1st Dept 1985]).
The court also erred when it denied the motion on the basis that its prior order, which partially granted NYCLU's article 78 petition, resolved NYCLU's declaratory judgment action so that there was no "ripe controversy" to be decided. The text of the prior order does not support this characterization. In a hybrid action, separate procedural rules apply to those causes of action asserted under CPLR article 78, and those causes of action seeking declaratory relief (see Matter of Ballard v New York Safety Track LLC, 126 AD3d 1073, 1075 [3d Dept 2015]), and the court did not find that article 78 relief was an adequate alternative remedy to declaratory relief (see Matter of Morgenthau v Erlbaum, 59 NY2d 143, 148 [1983], cert denied 464 US 993 [1983]). This Court is not the proper forum for resolution, in the first instance, of the adequacy of alternative relief or the merits of NYCLU's declaratory action. Likewise, the court should also have reached the merits of respondents' cross-motion to dismiss the declaratory judgment action or strike NYCLU's discovery demands. Accordingly, the matter is remanded for adjudication of NYCLU's motion and respondents' cross-motion.
This Court's prior holding that certain records sought in the FOIL request are subject to the attorney-client and work product privileges (New York Civil Liberties Union v New York State Office of Court Admin., 224 AD3d 458, 459 [1st Dept 2024]) constitutes the law of the case applicable on remand (see Morrison Cohen, LLP v Fink, 92 AD3d 514, 515 [1st Dept 2012], lv dismissed 19 NY3d 1017 [2012]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 15, 2024